859 F.2d 921
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Alfred BAKER, Plaintiff-Appellant,
v.
Richard P. SEITER, Director, H.K. Russell, Supt, Jerry Hunt,
Lt., Rules Infraction Board Chairman, Moore, Lt.,
Adams, Lt., Defendants-Appellees.
 No. 88-3308.
 United States Court of Appeals, Sixth Circuit.
 Oct. 4, 1988.
 
 1
 Before ENGEL, Chief Judge, BOGGS, Circuit Judge, and THOMAS A. BALLANTINE, District Judge.*
 
 ORDER
 
 2
 Alfred Baker appeals the district court's order granting summary judgment for defendants. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In this action, filed under to 42 U.S.C. Sec. 1983, plaintiff claimed that the defendants violated his due process rights during two Rules Infraction Board proceedings at the Lima Correctional Institution where he was formerly incarcerated. He claimed that his convictions were based solely upon hearsay reports, that he was denied the right to call witnesses, and that no evidence supported the disciplinary board's findings. He also claimed that the officials did not follow administrative regulations when they confined him to restrictive custody. The defendants are the Director of the Ohio Department of Rehabilitation and Correction and various prison officials at LCI.
 
 
 4
 After reviewing the magistrate's report and recommendation and plaintiff's objections, the district court declined to adopt the recommendation because it was incomplete and inadequate. The district court then reviewed both plaintiff's and defendants' motions for summary judgment, and granted the defendants' motion. The court decided that the plaintiff received due process in both disciplinary proceedings and that the prison board's findings were supported by "some evidence" in the record.
 
 
 5
 Upon review, we conclude the defendants did not meet their initial burden of proving that there was no genuine issue of material fact and that they were entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).
 
 
 6
 The record shows that defendants complied with plaintiff's due process rights to the extent that plaintiff was given advance written notice of both disciplinary proceedings, was allowed to testify, and was given a copy of the Rules Infraction Board's written statement of the evidence relied upon and the reasons for the disciplinary action. See Wolff v. McDonnell, 418 U.S. 539 (1974). However, defendants are not entitled to summary judgment because they did not satisfy the due process requirements relating to the disciplinary committee's refusal to permit an inmate to call witnesses in his behalf as required by the Supreme Court's decision in Ponte v. Real, 471 U.S. 491 (1985). Defendants did not state their reasons for refusing to call the witnesses that plaintiff requested. In fact, they did not even address this issue in their motion for summary judgment. This claim goes to the heart of plaintiff's argument that he was denied due process during the disciplinary proceedings. Because this claim goes to the heart of plaintiff's claims challenging the procedural due process he received at both disciplinary hearings, summary judgment must be vacated as to all the claims. The additional testimony from the witnesses that plaintiff requested and was denied may indeed affect the board's decision as to the sufficiency of the evidence presented.
 
 
 7
 Accordingly, the district court's judgment granting summary judgment for defendants is vacated and the case is hereby remanded for further proceedings. Rule 9(b)(6), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Ballantine, Jr., U.S. District Judge for the Western District of Kentucky, sitting by designation